UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| $35,131.00 IN U.S. CURRENCY, | § | |
| Defendant in rem | § | |

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

United States of America, Plaintiff, files this action for forfeiture against approximately $35,131.00, Defendant in rem, and alleges the following statements.

*Nature of the Action*

1. This is an action to forfeit property to the United States pursuant to 31 U.S.C. §5317(c)(2).

*Defendant in Rem*

2. Defendant in rem is approximately $35,131.00 in United States currency that were seized from Kyle Daniel Jones, husband, and Berekti Abebe Jones, wife, on June 2, 2011, at the George Bush Intercontinental Airport in Houston, Texas.

*Jurisdiction and Venue*

Page 1 of 5

3. This Court has jurisdiction under 28 U.S.C. §1355 because this is an action for forfeiture.

4. Venue is proper in this Court under 28 U.S.C. §§ 1355 and 1395(a) and (b) because:

> a. the acts or omissions giving rise to the forfeiture occurred in the Southern District of Texas,
>
> b. the property was found in the Southern District of Texas, and
>
> c. this forfeiture action accrued in the Southern District of Texas.

*Basis for Forfeiture*

5. The Defendant in rem is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2) which provides that any property involved in violations of 31 U.S.C. §§ 5316 and 5324(c) may be forfeited to the United States. These statutes state that:

> 1) a person shall file a report when the person knowingly transports, is about to transport, or has transported a monetary instrument of more than $10,000 out of the United States. 31 U.S.C. § 5316(a)(1)(A);
>
> 2) no person shall, for the purpose of evading the reporting requirements of 31 U.S.C. § 5316, fail to file a report required by 31 U.S.C. § 5316. 31 U.S.C. § 5324(c)(1);
>
> 3) no person shall, for the purpose of evading the reporting requirements of 31 U.S.C. § 5316, file a report required by 31 U.S.C. § 5316 that contains a material omission or misstatement of fact. 31

U.S.C. § 5324(c)(2).

*Facts*

6. On June 2, 2011, passengers Kyle Daniel Jones, husband, and Berekti Abebe Jones, wife, were about to leave the United States aboard an Emirates airlines flight 214 to Dubai, United Arab Emirates. In the jetway for this flight, a United States Customs and Border Protection Officer (CBP Officer) conducted a Customs outbound inspection. CBP Officer Agustin Hernandez asked passengers Kyle Daniel Jones, husband, and Berekti Abebe Jones, wife, if they were traveling with more than $10,000 in any monetary instruments for themselves or anyone else. They responded they had $20,200 in total currency and monetary instruments. CBP Officer Hernandez then explained to them the requirements under 31 U.S.C. § 5316 and the need to report accurate currency amount to CBP. Officer Hernandez then asked Mr. and Mrs. Jones to verify if the amount of $20,200 written on CBP Form 105 was correct and if so, to sign the form. Mr. Jones signed the CBP Form 105 stating they had $20,200. They were then directed toward the inspection table for baggage exam and currency verification.

7. At the inspection table, CBP Officer Charlesworth Clarke instructed Mr. and Mrs. Jones to place all of the currency they were traveling with on the inspection table for verification. Mr. Jones removed $20,000 in traveler's checks

from his carry on bag plus an additional $1,131 from his wallet and placed them on the inspection table. Upon further inspection, CBP Officers David Davila and David Boyd discovered an additional $14,000 in the possession of Mrs. Jones. She had $4,000 in her carry on bag and $10,000 in her jacket. In total Mr. and Mrs. Jones were attempting to take $35,131 out of the United states without declaring those funds. As a result of this, the CBP officers seized the funds for forfeiture.

*Relief Requested*

8. Plaintiff requests (a) an arrest warrant and summons pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, (b) a judgment of forfeiture, and (c) costs and other relief to which the Plaintiff may be entitled.

Date July 18, 2011.

        Respectfully submitted,

        José Angel Moreno
        United States Attorney

        By: /s/ Albert Ratliff
        Albert Ratliff
        Attorney-in-Charge
        NY Bar No. 1073907
        SDTX Bar No. 6764
        Assistant United States Attorney
        United States Attorney's Office
        P. O. Box 61129

Houston, Texas 77208
E-mail: albert.ratliff@usdoj.gov
Office: (713) 567-9579
Fax: (713) 718-3300

*Verification*

I, Minh Quoc Tran, Special Agent, United States Homeland Security Investigations, declare under penalty of perjury as provided by 28 U.S.C. §1746 that I have read this Verified Complaint for Forfeiture in Rem, and the facts stated in this complaint are true and correct to the best of my knowledge and belief. Executed on July 18, 2011.

_____
Minh Quoc Tran, Special Agent
United States Homeland Security Investigations